UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


GEORGE COOK, et al.

    Plaintiffs

v.                                 Civil Action No.: 2:04-0431

APPALACHIAN POWER CO.

    Defendant


MEMORANDUM OPINION AND ORDER


    Pending before the court are the related motions of defendant, Appalachian Power Co. ("APCO"), (1) for summary judgment on the claims of plaintiffs, George and Tabitha Cook; and (2) to stay and reverse the magistrate judge's order compelling APCO to produce the recorded statement of Eugene McCloud.[1]  The motions were filed respectively on July 22 and September 8, 2005.

---

[1]To the extent APCO's motion seeks a stay of the order to produce the recorded statement of Eugene McCloud by September 6, 2005, it is ORDERED that the magistrate judge's order be, and it hereby is, stayed pending resolution of the dispute.  To the extent APCO seeks reversal of the magistrate judge's order, the matter is not yet ripe for resolution and will be resolved in a separate order.

I.


On April 2, 2004, plaintiffs, George and Tabitha Cook, instituted an action against APCO in the Circuit Court of Logan County.  (Memo. in Supp. of Mot. for Summ. Judg. at 1.)  On May 5, 2004, APCO removed on diversity grounds.[2]  (Id.)

According to the complaint, on a date prior to May 6, 2003, APCO's employees entered plaintiffs' property without permission and began digging a hole for the placement of a utility pole.  (Compl. at ¶ 4-8.)  APCO, after digging the hole, then sought the plaintiffs' permission for the placement of the utility pole.  (Id. at ¶ 4.)  Plaintiff, George Cook, refused to grant APCO's employees permission to dig the hole and, upon plaintiffs' refusal, APCO's employees began digging a new hole, 10 feet from the original hole and immediately beyond plaintiffs' property boundary.  (Id. at ¶ 6-8.)  The utility pole was placed in this new hole and secured with anchors and cables that ran across the plaintiffs' property into the original hole allegedly dug by APCO's employees.  (Id.)  According to plaintiffs, APCO's employees neglected to fill in the original hole they had begun

---

[2]APCO subsequently instituted a third-party action against Charter Communications, LLC ("Charter").  However, Charter was later dismissed upon an agreed order entered August 11, 2005. (Mem. in Supp. of Mot. for Summ. Judg. at 2.)

to dig on plaintiffs' property.  (Id. at ¶ 9.)  On May 6, 2003,
Mr. Cook, while cutting weeds on his property, fell in the hole
said to have been negligently created by APCO's employees.  (Id.
at ¶ 10.)  As a result of the fall, Mr. Cook alleges he has been
permanently injured, endured pain and suffering, and incurred
medical expenses.  (Id. at ¶ 13.)  Mr. Cook's wife, co-plaintiff,
Tabitha Cook, alleges loss of consortium as a result of her
husband's injuries.  (Id. at ¶ 13, 17-19.)  Plaintiffs seek both
compensatory and punitive damages under theories of negligence
and trespass.  (Id. at ¶ 22.)


II.


A.   Discovery Dispute

        Prior to APCO's pending motion for summary judgment, a
discovery dispute arose related to a statement given by Eugene
McCloud.  (8/24/05 Ord. at 3.)  Eugene McCloud is allegedly the
only witness who saw APCO's employees create the hole on Mr.
Cook's property.  (Id. at 2-3.)  APCO, through its agent Crawford
and Co., took Mr. McCloud's tape recorded statement ("recorded
McCloud statement") on June 20, 2003.  Mr. Cook, before obtaining
counsel, took the statement of Mr. McCloud on August 22, 2003 in
a typed note signed by Mr. McCloud and notarized by Nancy

Sutherland ("typed McCloud statement").[3]  (Dep. of George Cook at 140.)  Unfortunately, Mr. McCloud died on May 4, 2004, approximately one month after the filing of this action.  (Memo. in Supp. of Mot. for Summ. Judg. at 1.)

Plaintiffs sought production of the recorded McCloud statement in a motion to produce filed on March 23, 2005. (8/24/05 Ord. at 3.)  APCO did not respond.  (Id.)  Plaintiff then filed a motion for an order compelling discovery on May 24, 2005.  (Id.)  APCO responded to this motion on June 2, 2005, arguing that plaintiffs' motion was wrongly titled "motion to produce" when it was, in fact, a discovery request, and, as an improper request under the Federal Rules of Civil Procedure, APCO was under no obligation to respond to the motion.  (Id. at 3.) On June 13, 2005, the magistrate judge rejected APCO's argument and instructed APCO to respond to the discovery requests on or before June 20, 2005. (Id. at 3-4.)  On June 20, 2005, APCO provided plaintiffs with a privilege log, which listed the recorded McCloud statement.  (Id. at 4.)

---

[3]The note is typed in narrative fashion.  The relevant portion reads as follows, "Mr. McCloud informed me that he was sitting on the porch the day that AEP came and dug the hole to set the power line pole and he stated that he sat there and watched the AEP workers dig 2 holes to set one pole and they, (the AEP workers), left the first hole uncovered and not repaired in any way."  (Aff. of George Cook, Exhibit 5.)

On August 5, 2005, plaintiffs moved to compel, seeking production of the recorded McCloud statement and for costs and sanctions. (Id. at 5.) Plaintiffs asserted that the recorded McCloud statement was not protected work product, because Mr. McCloud's statement was taken closer to the time of the alleged incident, Mr. McCloud is now deceased, and plaintiffs have demonstrated substantial need and undue hardship. (Memo. of Law in Supp. of Mot. to Compel at 7.) In their response, APCO objected, asserting (1) inasmuch as the plaintiffs did not file their motion to compel until six weeks after receipt of the privilege log, plaintiffs waived their right to object to discovery pursuant to Local Rule of Civil Procedure 3.07,[4] and (2) under the work product doctrine, the recorded McCloud statement was obtained in anticipation of litigation and plaintiffs could not demonstrate a substantial need for the statement nor an inability to obtain its substantial equivalent without undue hardship. (8/24/05 Ord. at 5.)

On August 24, 2005, the magistrate judge entered an order finding that (1) APCO had waived its right to assert work

---

[4]Local Rule of Civil Procedure 3.07(a) provides "objections to disclosures or discovery that are not filed within the response time allowed by the Federal Rules of Civil Procedure, the scheduling order(s), or stipulation of the parties pursuant to FR Civ P 29, whichever governs, are waived unless otherwise ordered for good cause shown."

product protection when it failed to timely respond to plaintiff's "motion to produce"; and (2) the recorded McCloud statement was work product obtained in anticipation of litigation, but plaintiffs had demonstrated a substantial need for the statement and an inability to obtain its substantial equivalent without undue hardship.  (Id. at 7-8, 11-12.)  APCO was ordered to produce the recorded McCloud statement on or before the close of business on Tuesday, September 6, 2005. (Id. at 12.)

On September 8, 2005, APCO filed its motion to stay and reverse the magistrate judge's order, arguing the magistrate judge erred in finding, (1) the scheduling order did not preclude the plaintiffs' motion to compel; (2) APCO waived its right to assert work product protection; and (3) the plaintiffs had demonstrated a substantial need for the statement and an inability to obtain its substantial equivalent without undue hardship. (Mem. in Supp. of Obj. at 4, 6, 9.)

B.   Summary Judgment Motion

On July 22, 2005, APCO moved for summary judgment asserting that the only evidence of APCO's negligence is the typed McCloud statement, which APCO argues is inadmissible

6

hearsay.[5]  On August 5, 2005, plaintiffs filed a response,
asserting (1) the typed and recorded McCloud statements are
admissible under Federal Rule of Evidence 807 as having
"equivalent circumstantial guarantees of trustworthiness"; (2)
the plaintiff's own knowledge is sufficient circumstantial
evidence to create a genuine issue of material fact; (3) APCO
should be required to produce and the court should consider the
recorded McCloud statement; and (4) APCO may be liable under a
negligent or "tortuous" trespass theory for placing the anchor
line and cables on plaintiff's property.


III.


A party is entitled to summary judgment "if the
pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that
the moving party is entitled to judgment as a matter of law."

---

[5]In support of its motion for summary judgment, APCO filed
as an exhibit to its reply brief the affidavit of James Michael
Hanna, the line crew supervisor who allegedly worked on the
installation of the utility pole relevant in this litigation.  In
the affidavit, Mr. Hanna denies creating the hole on the
plaintiff's property, denies that the crew every changed the
location of the pole, denies the cables and anchors were owned
and installed by APCO, and asserts any support for the utility
pole in its current location is within an easement granted by the
Town of Chapmanville.

Fed. R. Civ. P. 56(c).  Material facts are those necessary to establish the elements of a party's cause of action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id.  The moving party has the burden of showing -- "that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial.  Fed. R. Civ. P. 56(c); Id. at 322-23.  A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-moving party.  Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is not appropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party.  Anderson, 477 U.S. at 248.  Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute.  Overstreet v.

8

Kentucky Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).


       In reviewing the evidence, a court must neither resolve
disputed facts or weigh the evidence, Russell v. Microdyne Corp.,
65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of
credibility.  Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir.
1986).  Rather, the party opposing the motion is entitled to have
his or her version of the facts accepted as true and, moreover,
to have all internal conflicts resolved in his or her favor.
Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.
1979).  Inferences that are "drawn from the underlying facts
. . . must be viewed in the light most favorable to the party
opposing the motion."  United States v. Diebold, Inc., 369 U.S.
654, 655 (1962).


                              IV.


       APCO contends summary judgment is appropriate because
the only evidence the plaintiffs can produce of APCO's alleged
negligence is the typed McCloud statement and that statement is
inadmissible under Rule 807 of the Federal Rules of Evidence.[6]

---

       [6]Rule 807, the residual exception, provides that a statement
not specifically covered by Rule 803 or 804 but having equivalent
circumstantial guarantees of trustworthiness, is not excluded by
the hearsay rule, if the court determines that (a) the statement
is offered as evidence of a material fact; (b) the statement is

Without addressing the admissibility of either McCloud statement or the pending motion to stay the magistrate judge's order, APCO's assertion that the plaintiff's own knowledge is insufficient to create a genuine issue of material fact is simply without merit.  Even if the statement of Eugene McCloud is inadmissible, the plaintiffs have presented ample circumstantial evidence to create a genuine issue of material fact as to both the alleged negligence and trespass of APCO.

Plaintiff, Mr. Cook, asserts that an employee of APCO first dug a hole to install a utility pole, then asked plaintiff to place a pole on his property, was refused permission by the plaintiff, then placed the pole ten feet away on adjoining property, and left the original hole for the plaintiff to fall in while weeding his yard.  (Aff. of George Cook ¶ 2-5). Furthermore, Mr. Cook's affidavit states the conversation with an employee of APCO took place, permission to install the pole was denied, that he later fell in a hole ten feet away from the current location of the utility pole, and the hole he fell in contains (1) the anchors and cables of the utility pole in its current location and (2) is the same circumference of a utility pole.  (Id. at ¶ 2-4).   Adding to plaintiffs' circumstantial

_____

more probative on the point for which it is offered than any
other evidence which the proponent can procure through reasonable
efforts; and (c) the general purposes of these rules and the
interests of justice will best be served by admission of the
statement into evidence.

evidence is the contention the anchors and cables, which hold the utility pole in its current location, could not have been placed in their present location if the hole on plaintiffs' property had not been in place prior to the erection of the utility pole in its current location.  (Pls' Resp. to Mot. for Summ. Judg. at 10; Aff. of George Cook ¶ 4.)

Additionally, the record demonstrates there is a factual dispute as to the ownership and placement of the anchors and cables, which are attached to the utility pole in its current location, and allegedly constitute a continuing trespass and possibly contributed to the accident.  (Pls' Resp. to Mot. for Summ. Judg. at 10; Aff. of George Cook at ¶ 2-4.)  Plaintiff contends the anchors and cables are owned and were installed by APCO, while APCO contends the anchors and cables were owned and installed by Verizon Communications and any support for the utility poles is within an easement granted to APCO by the town of Chapmanville.  (Pls' Resp. to Mot. for Summ. Judg. at 10; Aff. of George Cook at ¶ 2-4; Aff. of James Michael Hannah at 1-2.)

While plaintiff himself does not testify he saw APCO's employees dig a hole on his property, a trier of fact could infer from the plaintiffs' circumstantial evidence that APCO did so and either acted in a negligent manner or trespassed on the plaintiffs' property.

11

V.


For the foregoing reasons, it is ORDERED that APCO's motion for summary judgment be, and it hereby is, denied. The admissibility of Mr. McCloud's typed statement and the appeal from the magistrate judge's order respecting the recorded McCloud statement will be resolved in a separate order.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: September 22, 2005

John T. Copenhaver, Jr.
United States District Judge

12